{¶ 32} For the following reasons, I respectfully dissent. The majority correctly determines that the decedent was initially qualified as an insured for underinsured motorist coverage ("UIM") under appellant's business insurance policy and umbrella coverage. However, I believe the majority incorrectly concludes that the subsequent exclusionary provision of appellant's policy was not applicable. First, as a matter of law and public policy, the decedent could not have reasonably believed that he was legally "entitled" to use the vehicle. Second, no jury could reasonably conclude that the eight-year-old decedent had a reasonable belief that he would be legally "entitled" to use the vehicle driven by the twelve-year-old driver.
 {¶ 33} The relevant exclusionary provision states as follows: "This insurance does not apply to: * * * (f) Anyone using a vehicle without a reasonable belief that the person is entitled to do so." The clear and unambiguous language of the exclusionary provision establishes that if an individual does not have a reasonable belief that they are "entitled" to use the vehicle, then they are excluded from appellant's insurance coverage. It is implicit that any such entitlement or use must be a legal entitlement or use.
 {¶ 34} The majority bases its decision upon the conclusion that "[t]he record here would support the inference that the eight-year-old deceasedwas permitted to be in the vehicle at the time." (Emphasis added.) The fact that the decedent was "permitted" to be a passenger is irrelevant when determining whether the exclusionary provision applies. Instead, the issue is the decedent's reasonable belief that he was legally "entitled" to use the vehicle, not whether he was "permitted" to be a passenger. The applicability of the exclusionary provision turns upon whether, in light of the standards for a summary judgment exercise, evidence was presented establishing the decedent could have a reasonable belief that he was "entitled" to use the vehicle.
 {¶ 35} Summary judgment is proper when the following three pronged test has been satisfied: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and thatconclusion is adverse to the party against whom the motion for summaryjudgment is made, that party being entitled to have the evidenceconstrued most strongly in his favor. Civ.R. 56(C); Leibreich v. A.J.Refrigeration, Inc., 67 Ohio St.3d 266, 268, 1993-Ohio-12.
 {¶ 36} In this case, the evidence demonstrated that the unlicensed twelve-year-old, was driving up and down his street in his mother's rental car while doing "burn-outs" and "fish tailing." Allegedly he had his parents' permission to drive the vehicle. At some point, the twelve-year-old pulled over and invited a nine-year-old and the eight-year-old decedent to join him in the vehicle. The decedent accepted the invitation and was ultimately killed due to the twelve-year-old's negligent, unlicensed driving.
 {¶ 37} Logic and well-established law dictates that a legal "entitlement" of use cannot be transferred or granted by one who is not "entitled" to such use. See, e.g., Long v. Noah's Lost Ark, Inc.,158 Ohio App.3d 206, 2004-Ohio-4155, at ¶ 43 (holding that no one can transfer a greater right or better title than he himself possesses). See, also, Hamet v. Letcher (1881), 37 Ohio St. 356, 359. In the instant case, there were two illegitimate attempts to transfer an "entitlement" of use.
 {¶ 38} First, the parents of the twelve-year-old driver now claim that he had their permission to drive the vehicle. However, any such permission constituted the crime of contributing to the delinquency of a minor by allowing an unlicensed twelve-year-old to drive a motor vehicle on public roads. R.C. 2919.24. Despite their apparent status as legal guardians of the twelve-year-old driver, the parents had no legal authority to grant permission or to legally "entitle" the unlicensed minor to perform an illegal act. R.C. 2919.24(A). See, e.g., State v.Ellis (1989), 64 Ohio App.3d 158. Therefore, as an illegal and "unentitled" user/driver, the twelve-year-old had no legal authority to subsequently vest the decedent with any "entitlement" to use the vehicle.
 {¶ 39} Accordingly, regardless of what the parents now claim, they could not legally "entitle" the twelve-year-old driver to use the vehicle and, thus, he could not legally "entitle" the eight-year-old decedent to use the vehicle. Therefore, as a matter of law, the decedent could not have had a "reasonable belief" that he was legally "entitled" to use the vehicle, even if the facts demonstrated that the twelve-year-old had been permitted by his parents to use the vehicle.[9] Even under the majority's analysis, the decedent was neither legally "permitted" nor legally "entitled" to use the vehicle. For this primary reason, I would reverse the judgment of the trial court as the second prong of the summary judgment exercise has not been satisfied.
 {¶ 40} Moreover, "[t]he Supreme Court of Ohio has consistently held it is against public policy to provide coverage for intentional torts or criminal actions. * * * Furthermore, * * * when it is substantially certain that an intentional act will cause injury, said actions will not be deemed to fall within coverage limits." Allstate Ins. Co. v. Ray
(Dec. 18, 1998), 7th Dist. No. 96 CA 20, 1998 Ohio App. LEXIS 6189, at 11, citing Gearing v. Nationwide Ins. Co. (1996), 76 Ohio St.3d 34, 36. As discussed previously, the parents engaged in criminal conduct — contributing to the delinquency of a minor — by allowing their twelve-year-old to drive the vehicle. Also, the intentional act of allowing a twelve-year-old to drive a rented vehicle, unsupervised, on a public road is substantially certain to cause an injury. Thus, for this reason as well, based upon Ohio public policy, appellant was not required to provide insurance coverage for injuries arising from the insured's criminal and intentional acts.
 {¶ 41} Finally, the third-prong of the summary judgment test has not been satisfied. As the nonmoving party, appellant insurance company was required to have the foregoing evidence construed most strongly in its favor. Accordingly, based upon the evidence, reasonable minds could conclude that the decedent could not reasonably believe that he was legally "entitled" to use the vehicle. In short, construing the evidence most strongly in appellant's favor, reasonable minds could not conclude that the eight-year-old decedent believed that he was legally "entitled" to use a vehicle which was being driven by a twelve-year-old. As a result, appellees have failed to establish the third prong of the summary judgment test.
 {¶ 42} As a brief aside, appellant maintains that appellees have no standing to argue that the decedent was not an "insured" per the Ohio Supreme Court's holding in Westfield v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849. Specifically, appellant's standing argument states that the Galatis Court determined a plaintiff who was not a party to an insurance contract had no standing to argue he or she was an insured. Id. at ¶ 49.
 {¶ 43} Although I agree with the majority's determination that appellant's standing argument has no merit, I believe further clarification is necessary. The language cited to by appellant did not represent a holding by the Galatis Court that only a party to an insurance contract has standing to argue who is or who is not an insured. Rather, the Court merely stated that an insurance contract would not be interpreted in favor of a plaintiff not a party to the contract and to the detriment of the contracting parties. Id. at ¶ 49. Thus, appellant's reliance upon Galatis is misplaced.
 {¶ 44} Regardless of appellant's standing argument, it is clear that appellees have failed to satisfy the second and third prongs necessary to succeed in a summary judgment exercise. Thus, I would reverse the trial court's decision granting summary judgment and remand this matter for further proceedings. To that end, I respectfully dissent.
[9] During the summary judgment exercise, the minority of the decedent was never raised as a potential issue.